Dear Director Frosco,
The Attorney General is in receipt of your request for an opinion wherein you ask the following question:
Is the requirement of a high school diploma or the equivalent as acondition of eligibility for employment in state government unlawfuldiscrimination under Title VII of the Civil Rights Act of 1964, asamended by the Equal Employment Opportunity Act of 1972, and the statutesof the State of Oklahoma?
Title 42 U.S.C. § 2000e-2(a) provides that it shall be unlawful employment practice for an employer to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin. As this provision and 25 O.S. 1302(a) (1971), the State statutory equivalent, apply only to unlawful discriminatory practices of "employers," in order to come within the purview of these laws, the State of Oklahoma must be an "employer" as defined by these laws.
Under 42 U.S.C. § 2000e(b), the term "employer" means any person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar years. Title 25 O.S. 1301(1) (1971) is almost identical to the Federal definition except that it requires twenty-five or more employees for each working day instead of the Federal requirement of fifteen. The term "person" under 42 U.S.C. § 2000e(a) includes governments, governmental agencies and political subdivisions and under 25 O.S. 1201(5) (1971) includes the State or any governmental entity or agency. Therefore, the State of Oklahoma would be an "employer" within the meaning of both the State and Federal laws.
The United States Supreme Court in Griggs v. Duke Power Co.,401 U.S. 424 (1971), hereinafter "Griggs," addressed itself directly to the issue of whether or not the requirement of a high school diploma or the equivalent by an employer violated Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, hereinafter "Title VII". The Court in "Griggs" held that where the requirement of a high school education as a condition of employment operated to disqualify Negroes at a substantially higher rate than white applicants and was not shown to be significantly related to the successful performance of the jobs for which such applicants were being considered, the employer unlawfully discriminated against Negroes on the basis of race. Two years later, the Fifth Circuit Court of Appeals in U.S. v. Georgia Power Co., 474 F.2d 906 (5th Cir. 1973), hereinafter "Georgia Power Co.," held that the fact that fewer Negroes than whites in the local population area had achieved a high school education required for entry level jobs amounted to unlawful discrimination under Title VII.
On a statewide basis in Oklahoma, the number of Negroes, Mexican-Americans and Indians which have completed high school as a percentage of the whites which have completed high school are as follows:
Negro 80.8%
Mexican-American 84.6%
Indian 82.8%
Therefore, based upon the decisions in Griggs and Georgia Power Co., and in light of these statistics, the requirement of a high school education or the equivalent as a condition for state employment operates to disqualify Negroes, Mexican-Americans and Indians at a substantially higher rate than whites and therefore constitutes unlawful discrimination under Title VII and 25 O.S. 1303(a) (1971) in the absence of a showing that this requirement relates to the successful performance of the jobs for which the applicants are being considered, i.e., the business necessity test.
The "business necessity" test was set out by the Court in Robinson v. Lorillard Corp., 444 F.2d 791, 798 (4th Cir. 1971), as follows:
 The applicable test is not merely whether there exists a business purpose for adhering to a challenged practice. The test is whether there exists an overriding legitimate business purpose such that the practice is necessary to the safe and efficient operation of the business. Thus, the business purpose must be sufficiently compelling to override any racial impact; the challenged practice must effectively carry out the business purpose it is alleged to serve; and there must be available no acceptable alternative policies which would better accomplish the business purpose advanced, or accomplish it equally well with a lesser differential racial impact.
And in Georgia Power Co., the Court held that although there was an eventual need for above-average ability to read and comprehend technical manuals, training bulletins, operating instructions, and forms, and such qualities were expectedly more prevalent in high school graduates than non-graduates, the use of a high school diploma as a screening device for entry level jobs was not reasonably related to job performance nor based on business necessity.
Therefore, to the extent a business necessity can be shown, an individual State agency may be able to justify the requirement of a high school diploma or the equivalent as a condition for employment.
It is, therefore, the opinion of the Attorney General of the State ofOklahoma that, in the absence of a showing that the requirement of a highschool diploma or the equivalent as a condition of eligibility for Stateemployment is based upon business necessity, such a requirementconstitutes unlawful discrimination under Title VII of the Civil RightsAct of 1964, as amended by the Equal Employment Opportunities Act of1972, and the Statutes of the State of Oklahoma.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
LEE ANNE WILSON-ZALKO, ASSISTANT ATTORNEY GENERAL